UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MEGAN A. ROGERS; JEBO; HUBERT
ROGERS; and PFRIER,

                Plaintiffs,

v.                                         5:21-CV-1351
                                            (DNH/ML)

U.S. DEP'T OF THE TREASURY; U.S. DEP'T
OF TREASURY – IRS; MARCUS ROGERS;
JESSE HAVE; JAYLAN BELLE; AMIRA
SHENADLH; KIARU ALTURNET;
HILLARY CLINTON; ROGERS FAMILY;
NYS FEDERAL COURTHOUSE; SYRACUSE
POLICE/COURTS; MISHA MONTREAL,
Private Investigator; ST. JOSEPH'S INDIAN
SCHOOL; J. ROGET CHAMPAGNE; JOHN
BLISS; DANCKS; and LEE CHAPEL, Landmark,

                Defendants.
_____

APPEARANCES:                                                      OF COUNSEL:

MEGAN A. ROGERS
  Plaintiff, *Pro Se*
229 Duane Street
Syracuse, New York 13207

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

      The Clerk has sent this *pro se* complaint together with an application to proceed *in forma pauperis* and motion for appointment of counsel filed by Megan A. Rogers ("Plaintiff") to the Court for review. (Dkt. Nos. 1, 2, 4.) For the reasons discussed below, I (1) grant Plaintiff's *in forma pauperis* application (Dkt. No. 2), (2) deny Plaintiff's motion for appointment of counsel

(Dkt. No. 4), and (3) recommend that Plaintiff's Complaint (Dkt. No. 1) be dismissed in its entirety with leave to amend.

I. **BACKGROUND**

On December 17, 2021, Plaintiff[1] commenced this action by filing a *pro se* Complaint against defendants U.S. Department of the Treasury, U.S. Department of Treasury – IRS, Marcus Rogers, Jesse Have, Jaylan Belle, Amira Shenadlh, Kiaru Alturnet, Hillary Clinton, Rogers Family, NYS Federal Courthouse, Syracuse Police/Courts, Misha Montreal, St. Joseph's Indian School, J. Roget Champagne, John Bliss, Dancks, and Lee Chapel (collectively "Defendants").[2] (Dkt. No. 1.)

The Complaint consists of five different form complaints, which purport to assert actions (1) arising under Title VII of the Civil Rights Act, as amended; (2) arising under 42 U.S.C. §

---

[1] Plaintiff, who is not an attorney, cannot represent other plaintiffs. Although parties have a statutory right to "plead and conduct their own cases," 28 U.S.C. § 1654, unlicensed laypersons may not "represent anyone else other than themselves." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (internal quotation marks omitted); *see also Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) ("A person who has not been admitted to the practice of law may not represent anybody other than himself."). The Complaint names four plaintiffs—Megan A. Rogers, Jebo, Hubert Rogers, and Pfrier. (*See generally* Dkt. No. 1.) However, the Complaint and IFP application are signed solely by Plaintiff. (*Id*; Dkt. No. 2.) Accordingly, I reviewed this action with Megan A. Rogers as the sole plaintiff. *See Yerushalayim v. Liecthung*, 19-CV-4101, 2019 WL 3817125, at *2 (E.D.N.Y. Aug. 13, 2019) (reviewing the action as brought by sole plaintiff, Ben-Siyon Ish Yerushalayim, because he was the only signatory on the complaint and IFP application and, as an unlicensed layperson, was incapable of representing the other named plaintiffs).

[2] The Court notes that Plaintiff previously initiated a civil rights action in this district against Hillary Rodham Clinton in civil case number 5:19-CV-0175 (LEK/ATB) ("*Roger I*"), which was dismissed for lack of subject matter jurisdiction. (*Roger I*, Dkt. No. 10.) In addition, Plaintiff initiated a civil rights action in this district against "CPS," "Andrea Levandowski," and "Social Worker" in civil case number 5:20-CV-0075 (LEK/ATB) ("*Roger II*"), which was dismissed as frivolous and for failure to state a claim. (*Roger II*, Dkt. No. 7.) Ms. Levandowski's name is mentioned numerous times in the Complaint currently before the Court. Further, Plaintiff initiated a personal injury action in this district against Pfizer,

2

1983; (3) arising under the Americans with Disabilities Act; (4) for employment discrimination based on age; and (5) pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  (*See generally* Dkt. No. 1.)

The Complaint is a series of incomplete sentences that are largely indecipherable and devoid of factual assertions.  (*Id*.)

## II.  PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

"When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $402, must ordinarily be paid.  28 U.S.C. § 1914(a).  A court is authorized, however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action.  28 U.S.C. § 1915(a)(1).[3]  After reviewing Plaintiff's *in forma pauperis* application (Dkt. No. 2), the Court finds that Plaintiff meets this standard.  Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[4]

## III.  LEGAL STANDARD FOR REVIEW OF THE COMPLAINT

Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party

---

Cuomo/Fauci/CDC, Biotech, and Cuomo in civil case number 5:21-CV-0176 (GLS/TWD) ("*Roger III*"), which was dismissed for failure to state a claim.  (*Roger III*, Dkt. No. 16.)

[3]     The language of that section is ambiguous because it suggests an intent to limit availability of *in forma pauperis* status to prison inmates.  *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses").  The courts have construed that section, however, as making *in forma pauperis* status available to any litigant who can meet the governing financial criteria.  *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[4]     Plaintiff is reminded that, although her application to proceed *in forma pauperis* has been granted, she is still required to pay fees that she may incur in this action, including copying and/or witness fees.

3

or parties have been served and have had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. 28 U.S.C. § 1915(e); *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam); *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983); *see, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. More specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 [2007]). "Determining whether a complaint states

a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## IV.     ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe her pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that all causes of action be dismissed.

Plaintiff's Complaint is comprised of twenty-one pages of incoherent text written on every form-complaint from the Clerk's office. (*See generally*, Dkt. No. 1.)

By way of example, in the facts portion of Plaintiff's Complaint, Plaintiff alleges as follows:

> *St. Joseph's Indian School
> Rogers Island
> . . .
> J. Roget Champagne
> - Abandoned mansion in Pennsylvania
> -  Plainville, Massachuttes

(Dkt. No. 1 at 5 [errors in original].)  In addition, Plaintiff alleges:

> John Bliss
> John Bliss – Turtle Street
> Mean!!!! Do not date
>     the neighbor
> "Your car is not safe.
>     Where you live now."

(Dkt. No. 1 at 9 [errors in original].)  Further, Plaintiff alleges that the facts surrounding her claim of discrimination are:

> #1 – June 17th, 2017
> Nicole + Great
> Emperor Jerry Sidie
> #2 – Ms. Taylor – Home HeadQuarters
> # Evelyn
> # Poisoning – twice!
> # Antiquities – Juba's gold – 1982

(Dkt. No. 1 at 11 [errors in original].)  Plaintiff also alleges that:

> There is a Buddah in Syracuse
> Is it's name Violet?
> Lee Chapel
> Landmark

(Dkt. No. 1 at 13 [errors in original].)  As a first cause of action, Plaintiff alleges "[t]he new Mazda ASAP!!!"  (Dkt. No. 1 at 15.)  As a second cause of action, Plaintiff alleges "Neighborhood."  (*Id*.)  As a third cause of action, Plaintiff alleges "Badge."  (*Id*.)

      Attached to the Complaint are nine exhibits including letters that are also largely indecipherable and appear unrelated.  (*See generally* Dkt. No. 1, Attachs. 1-9.)  Among the Complaint's exhibits are several forms from the website www.nolo.com including documents titled "Demand Letter," "Declaration of Legal Name Change," "Property Worksheet," and "Notice of Revocation of Power of Attorney."  (Dkt. No. 1, Attach. 4; Dkt. No. 1, Attach. 6.)  One of the exhibits is dated May 8, 2021, titled "Amend[ed] Report" and states:

> First thing I thought was Bat Spray. Bat killer. Found zinc in pest control. With recent disaster of the Wildfires. I thought animals flew west. These animals carry diseases. Bats have caused plague-like viruses for centuries.

(Dkt. No. 1, Attach. 2 at 1.)

As the Complaint is currently drafted, the Court is unable to meaningfully analyze, whether, and to what extent, Plaintiff has pleaded any colorable claim against Defendants. (*See generally* Dkt. No. 1.) Plaintiff's Complaint places an unjustified burden on the Court and, ultimately, on Defendants "'to select the relevant material from a mass of verbiage.'" *Salahuddin v. Cuomo*, 861 F.2d 40, 41-42 (2d Cir. 1988) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 365 (1969)).

As a result, I recommend the Complaint be dismissed as frivolous. *See, e.g., Gillich v. Shields*, 18-CV-0486, 2018 WL 2926299 (N.D.N.Y. Apr. 30, 2018) (Peebles, M.J.), *report and recommendation adopted by* 2018 WL 2926302, at *3 (N.D.N.Y. Jun. 8, 2018) (D'Agostino, J.); *Canning v. Hofmann*, 15-CV-0493, 2015 WL 6690170, at *5 (N.D.N.Y. Nov. 2, 2015) (Hurd, J.) ("Under these circumstances, having found that none of the allegations in Plaintiff's meandering and indecipherable Complaint raise a cognizable cause of action, the Court concludes that the Complaint fails to state a claim upon which relief may be granted and is subject to dismissal."); *see also Salahuddin*, 861 F.2d at 42 ("Dismissal [for failure to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure] . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.").

## V.   OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint

gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[5]

In this case, it is not clear whether better pleading would permit Plaintiff to assert a cognizable cause of action against Defendants. Out of deference to Plaintiff's *pro se* status, however, I recommend that Plaintiff be granted leave to amend the Complaint.

If Plaintiff chooses to avail herself of an opportunity to amend, such amended pleading must set forth a short and plain statement of the facts on which she relies to support any legal claims asserted. Fed. R. Civ. P. 8(a). In addition, the amended complaint must include allegations reflecting how the individuals named as Defendants are involved in the allegedly unlawful activity. Finally, Plaintiff is informed that any such amended complaint will replace

---

[5]     *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

8

the existing Complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (internal quotation marks omitted)).

## VI.   PLAINTIFF'S MOTION TO APPOINT COUNSEL

Plaintiff has also submitted a request for appointment of counsel. (Dkt. No. 4.)

As an initial matter, "[a] party has no constitutionally guaranteed right to the assistance of counsel in a civil case." *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011) (citations omitted). Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion. As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance. A motion for appointment of counsel may be properly denied if the court concludes that the plaintiff's "chances of success are highly dubious." *Leftridge*, 640 F.3d at 69. If the court finds that the claims have substance, the court should then consider:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp.*, 28 F.3d at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)). This is not to say that all, or indeed any, of these factors are controlling in a

9

particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

In the present matter, the Court has recommended dismissal of the action. As such, the Court cannot find that Plaintiff's claims are likely to be of substance. Plaintiff's motion (Dkt. No. 4) is therefore denied.

Plaintiff is cautioned that continued frivolous filings may result in the imposition of sanctions, including limitations on her ability to file without prior permission of the Court. *See Ajamian v. Nimeh*, 14-CV-0320, 2014 WL 6078425, at *3 (N.D.N.Y. Nov. 13, 2014) (Suddaby, J.) ("[A] federal district court may impose reasonable filing restrictions on a *pro se* litigant in that particular court, pursuant to 28 U.S.C. § 1651(a) and its inherent authority to control and manage its own docket so as to prevent abuse in its proceedings."); *see also In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) (where a *pro se* plaintiff has demonstrated a "clear pattern of abusing the litigation process by filing vexatious and frivolous complaints," a "leave to file" requirement may be instituted by the court as an appropriate sanction).

"The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998). The Second Circuit has identified several factors that should be considered in determining whether to restrict a litigant's future access to the court:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005).

While the Court is aware that Plaintiff is proceeding *pro se*, she has litigation experience.[6] Plaintiff's filings have presented a burden on the Court. Plaintiff is cautioned that her unwarranted litigiousness is bordering on vexatiousness. Should she continue to file meritless submissions, she will be directed to show cause as to why the Court should not issue an Order barring her from future filings without prior leave of the Court, pursuant to 28 U.S.C. § 1651(a) and the Court's inherent authority to control and manage its own docket so as to prevent abuse in its proceedings.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's motion for appointment of counsel (Dkt. No. 4) is **DENIED** without prejudice; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITH LEAVE TO REPLEAD** Plaintiff's Complaint (Dkt. No. 1); and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this order, report, and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[7]

---

[6]    *See, supra*, note 2.

[7]    The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[8]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: March 28, 2022
        Binghamton, New York

*Miroslav Lovric*
Miroslav Lovric
U.S. Magistrate Judge

---

[8]   If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).