UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MEGAN A. ROGERS,

                         Plaintiff,

v.                                                                                                  5:21-CV-1351
                                                                                                    (DNH/ML)

U.S. DEP'T OF THE TREASURY; HILLARY
CLINTON; CPS; and PFIZER,

                         Defendants.
_____

APPEARANCES:                                                                  OF COUNSEL:

MEGAN A. ROGERS
  Plaintiff, *Pro Se*
229 Duane Street
Syracuse, New York 13207


MIROSLAV LOVRIC, United States Magistrate Judge

# REPORT and RECOMMENDATION

      The Clerk has sent this *pro se* amended complaint filed by Megan A. Rogers ("Plaintiff") to the Court for review. (Dkt. No. 9.) For the reasons discussed below, I recommend that Plaintiff's Amended Complaint (Dkt. No. 9) be dismissed in its entirety without leave to amend.

I.  **BACKGROUND**

On December 17, 2021, Plaintiff commenced this action by filing a *pro se* Complaint against defendants U.S. Department of the Treasury, U.S. Department of Treasury – IRS, Marcus Rogers, Jesse Have, Jaylan Belle, Amira Shenadlh, Kiaru Alturnet, Hillary Clinton, Rogers Family, NYS Federal Courthouse, Syracuse Police/Courts, Misha Montreal, St. Joseph's Indian School, J. Roget Champagne, John Bliss, Dancks, and Lee Chapel.  (Dkt. No. 1.)

The Complaint consisted of five different form complaints, which purported to assert actions (1) arising under Title VII of the Civil Rights Act, as amended; (2) arising under 42 U.S.C. § 1983; (3) arising under the Americans with Disabilities Act; (4) for employment discrimination based on age; and (5) pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  (*See generally* Dkt. No. 1.)

On March 28, 2022, the undersigned issued an order and report-recommendation that, *inter alia*, recommended that Plaintiff's Complaint be dismissed as frivolous.  (Dkt. No. 5.)  On April 21, 2022, United States District Judge David N. Hurd accepted the report-recommendation and dismissed Plaintiff's Complaint with leave to replead.  (Dkt. No. 8.)

On May 4, 2022, Plaintiff filed an Amended Complaint against United States Department of Treasury, Hillary Clinton, CPS, and Pfizer (collectively "Defendants").  (Dkt. No. 9.)

The Amended Complaint contains two single-spaced pages of allegations (the third page appears to include Plaintiff's contact information only) that are a series of indecipherable, incomplete sentences.  (*Id.*)

II.  **LEGAL STANDARD FOR REVIEW OF THE COMPLAINT**

Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party

or parties have been served and have had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. 28 U.S.C. § 1915(e); *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam); *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983); *see, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. More specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 [2007]). "Determining whether a complaint states

a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### III.  ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe her pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiff's Amended Complaint with this principle in mind, I recommend that all causes of action be dismissed.

Plaintiff's Amended Complaint—much like her Complaint—is incoherent text with allegations that are "fanciful, fantastic or delusional," and are highly suggestive of paranoia and mental instability. (*Compare* Dkt. No. 1, *with* Dkt. No. 9); *see Morse v. United States Postal Serv.*, 18-CV-6184, 2018 WL 3575654, at *5 (W.D.N.Y. July 25, 2018) (dismissing the plaintiff's complaint where the plaintiff blamed "the U.S. Postal Service and other 'adversaries' for a vast conspiracy against her and her children that involves poisoning of food, electronic surveillance and gunshots. Such allegations are 'fanciful, fantastic or delusional,' and are highly suggestive of paranoia and mental instability.").

By way of example, Plaintiff's Amended Complaint alleges as follows:

> The Lakota Indian Tribe who treat me as a queen and further found in IRS taxes. That of oil belonging to Ms. Rogers.
>
> Ms. Rogers became an investigator under the name Misha Montreal. Has saved many individuals during this year long period. No payments have been paid forward. Several of these missing children led straight to that of "Senator" Hillary Clinton.
>
> Ms. Rogers children were STOLEN by CPS. She completed 7 years of psychological assessments (Mental abuse). Was diagnosed as borderline and histrionic. . . . DSS went on to threaten, stalk and harass Ms. Rogers. Calling her a "Fucking Jew", throwing botles of baby powder in her yard, calling her private at Beaver Lake Nature Center, Inviting herself to the child's birthday party, sending satanic text messages.

(Dkt. No. 9 at 1 [errors in original].) In addition, Plaintiff alleges:

> Coronavirus is something that none of us ever wanted to experience. I started looking for a cure as soon as I heard of it. Posted it through all my social media. Since I had been Federally fighting Clinton, figured someone had to of seen it. They did that of a doctor in Germany. Who has reached out to me 5xs. I have contacted CDC to obtain a language interupter. My work was stolen. The vaccine is 96% effective against the virus. Why wasn't I paid for my work?

(Dkt. No. 9 at 2 [errors in original].)

As the Amended Complaint is currently drafted, the Court is unable to meaningfully analyze, whether, and to what extent, Plaintiff has pleaded any colorable claim against Defendants. (*See generally* Dkt. No. 9); *Igarashi v. Skulls & Bones*, 438 F. App'x 58, 59 (2d Cir. 2011) (quoting *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011)) ("Even a well-pleaded complaint may be dismissed as factually frivolous 'if the sufficiently well-pleaded facts are clearly baseless—that is, if they are fanciful, fantastic, or delusional.'"). Plaintiff's Complaint places an unjustified burden on the Court and, ultimately, on Defendants "'to select the relevant material from a mass of verbiage.'" *Salahuddin v. Cuomo*, 861 F.2d 40, 41-42 (2d Cir. 1988) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 365 (1969)).

As a result, I recommend the Complaint be dismissed as frivolous. *See, e.g., Gillich v. Shields*, 18-CV-0486, 2018 WL 2926299 (N.D.N.Y. Apr. 30, 2018) (Peebles, M.J.), *report and recommendation adopted by* 2018 WL 2926302, at *3 (N.D.N.Y. Jun. 8, 2018) (D'Agostino, J.); *Canning v. Hofmann*, 15-CV-0493, 2015 WL 6690170, at *5 (N.D.N.Y. Nov. 2, 2015) (Hurd, J.) ("Under these circumstances, having found that none of the allegations in Plaintiff's meandering and indecipherable Complaint raise a cognizable cause of action, the Court concludes that the Complaint fails to state a claim upon which relief may be granted and is subject to dismissal."); *see also Salahuddin*, 861 F.2d at 42 ("Dismissal [for failure to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure] . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.").

## IV.   OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d

129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[1]

In this instance, I conclude that any further amendments to Plaintiff's Amended Complaint would be futile. As a result, I recommend that Plaintiff's Amended Complaint be dismissed without leave to amend. *See Igarashi*, 438 F. App'x at 59-60 (finding that the district court "properly dismissed the complaint without providing an opportunity to amend because any amendment would have been futile in light of the incredible nature of the allegations."); *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 168 (2d Cir. 2003) (quoting *Dluhos v. Floating & Abandoned Vessel, Known as "New York,"* 162 F.3d 63, 69 (2d Cir. 1998)) (finding that the "District Court did not abuse its discretion in denying [the plaintiff] leave to amend the complaint because there was a 'repeated failure to cure deficiencies by amendments previously allowed.'"); *Salinger v. Projectavision, Inc.*, 972 F. Supp. 222, 236 (S.D.N.Y. 1997) ("Three bites at the apple is enough.").

**ACCORDINGLY**, it is

**RECOMMENDED** that the Court **DISMISS WITHOUT LEAVE TO REPLEAD** Plaintiff's Amended Complaint (Dkt. No. 9); and it is further

---

[1] *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

7

**ORDERED** that the Clerk of the Court shall file a copy of this report and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[2]

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[3] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: July 13, 2022
        Binghamton, New York

*Miroslav Lovric*
Miroslav Lovric
U.S. Magistrate Judge

---

[2] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

[3] If you are proceeding *pro se* and served with this report-recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).